IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREW EARL HAYFORD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER and**<br><br>**MEMORANDUM DECISION**<br><br>Civil Case No. 2:10-cv-302-CW<br><br>Criminal Case No. 2:09-cr-299-1-CW |

On April 7, 2010, federal prisoner Andrew Earl Hayford filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Mr. Hayford seeks a one-point downward departure from his sentence and a lowering of the amount of restitution owed from $160,171.84 to $117,264.12. Mr. Hayford's sentence was imposed after he pleaded guilty in the case of *United States v. Hayford*, Case No. 2:09-CR-299-CW (D. Utah). For the reasons set forth below, Mr. Hayford's §2255 Motion is DENIED.

## **BACKGROUND**

On July 26, 2010 Mr. Hayford pleaded guilty to a violation of 18 U.S.C. § 669: Theft or Embezzlement in Connection with Healthcare. A violation of § 669 is a Class C Felony and carries a maximum penalty of ten years imprisonment and/or a fine of up to $250,000. Mr. Hayford was sentenced in the United States District Court for the District of Utah to 15 months imprisonment and a term of supervised release of 36 months. He was ordered to pay restitution in the amount of $160,171.84 to Optum Health Bank.

In his motion, Mr. Hayford challenges his conviction on three grounds related to alleged

1

ineffective assistance of counsel. First, Mr. Hayford contends that he provided his attorney, Wendy Lewis, with information disputing the government's loss figure. He contends that the amount of restitution ordered by the court was miscalculated because Ms. Lewis did not appropriately offer his information. Second, Mr. Hayford contends that his counsel did not review the Presentence Report ("PSR") and that, had she reviewed the PSR, a reasonable attorney in Ms. Lewis' position would have objected to his criminal history guideline calculation. Finally, Mr. Hayford contends that his attorney led him to believe he would receive a sentence of probation.

## ANALYSIS

### I. Legal Standard

In *Strickland v. Washington,* the Supreme Court set forth a two-pronged test a defendant must satisfy to establish a claim for ineffective assistance of counsel. 466 U.S. 668, 687 (1984). A defendant must establish (1) that his counsel's performance was constitutionally deficient and fell below an objective standard of reasonableness; and (2) that this deficient performance prejudiced the outcome of the defendant's case. *Id.* Under the first prong of the test, Mr. Hayford must show that his counsel's performance was "outside the wide range of professionally competent assistance." *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006). There is a "strong presumption" that counsel's conduct falls within the range of reasonable professional assistance. *Rogers v. United States*, 91 F.3d 1388, 1392 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689). Under the second prong, a defendant must establish a "reasonable probability that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Barkell*, 468 F.3d at 689 (quoting *United States v. Stevens*, 978 F.2d 565, 568 (10th Cir. 1992)).

## II. Amount of Restitution

Mr. Hayford's claim that his attorney was ineffective because she did not provide the court with information disputing the government's loss figure is without merit. Mr. Hayford provided one document to his counsel in support of his position that the government's figure of $160,171.84 was miscalculated: an e-mail listing 13 transactions that Mr. Hayford alleged were lawful. He asserts that the relevant transactions in the email were standard payroll deposits from his employer. But Mr. Hayford's gross paycheck was approximately $2,038.46 and the lowest transaction listed on Mr. Hayford's accounting was for the amount of $3,092.36. Accordingly, Mr. Hayford needed to explain the difference in those amounts before his counsel could credibly argue that they were standard pay. Mr. Hayford did not do so. Morever, Mr. Hayford provided no supporting documentation to his counsel that the information listed was accurate. Nonetheless, Ms. Lewis put the government on notice that Mr. Hayford was challenging their loss figure and provided them with Mr. Hayford's accounting. At sentencing Mr. Hayford did not provide any details or evidence to dispute the government's figure other than his list of transactions he claimed were normal pay. Accordingly, Ms. Lewis diligently presented the evidence her client gave her and it was a lack of corroboration, not insufficient representation that discredited Mr. Hayford's evidence.

Even assuming Ms. Lewis' performance was constitutionally deficient, Mr. Hayford has failed to establish that, but for Ms. Lewis' conduct, the Court would have imposed restitution in the amount of $117,264.12. Had Mr. Hayford provided Ms. Lewis with evidence sufficient to dispute the government's figure, Mr. Hayford has not established a reasonable probability that the Court would not have adopted the government's figure. The government offered a detailed

spreadsheet with account numbers, descriptions and offsets. No evidence was presented to the court to refute this information. Mr. Hayford has thus failed to satisfy either prong of the *Strickland* test regarding the restitution issue.

### III. Calculation of Criminal History Points

Mr. Hayford alleges that his counsel failed to review the PSR prior to sentencing. He contends that, had she reviewed the PSR, she would have objected to a miscalculation of Mr. Hayford's criminal history categorization. As a preliminary matter, Mr. Hayford's allegation that Ms. Lewis failed to review the PSR prior to sentencing is factually incorrect. Ms. Lewis responded to the PSR by filing a Sentencing Memorandum with the Court on February 1, 2010. Moreover, she addressed the PSR at sentencing.

Even assuming Ms. Lewis had failed to review the PSR, however, Mr. Hayford's argument is without merit. Mr. Hayford has failed to satisfy the second prong of the *Strickland* test because he has not shown that, but for Ms. Lewis' alleged failure to review the PSR, the result of his case would have been different. Specifically, as a matter of law, Mr. Hayford would not have been entitled to the deduction that he claims he should have received. Mr. Hayford contends that several traffic violations should have been excluded from his Criminal History under U.S.S.G. § 4A1.2(c). That provision excludes certain misdemeanors, including traffic violations, from the criminal history calculation. Section 4A1.2(c) provides, however, that such offenses are counted if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." U.S.S.G. § 4A1.2(c). Because Mr. Hayford's conviction for driving on a suspended license resulted in an 18 month probationary sentence, it was proper to include this offense in the calculation of Mr. Hayford's criminal history. Accordingly, Mr.

Hayford's counsel did not err in failing to object to Mr. Hayford being assigned one criminal history point based on those misdeameanors.

## IV. Potential Sentence of Probation

Mr. Hayford's claim that Ms. Lewis was ineffective because she lead him to believe that he would likely only receive probation is also without merit. Under the *Strickland* test, a defendant must not only establish that his counsel's performance was constitutionally deficient, but also that, but for the counsel's errors, the result of the defendant's case would have been different. *See* 466 U.S. at 687. Here, the government has introduced an affidavit by Ms. Lewis that disputes Mr. Hayford's claim that she advised him that a probationary sentence was likely. In that affidavit, Ms. Lewis avers as follows: "At no time did I tell Mr. Hayford he would get probation . . . I did tell Mr. Hayford from the beginning that I would argue for a sentence of probation, which I did both in the sentencing memorandum and in argument before the Court." (Lewis Affidavit, ¶ 12.)

Mr. Hayford has not responded to Ms. Lewis' affidavit. Critically, he has also not provided any evidence of specific instances or conversations where Ms. Lewis did, in fact, advise him that probation was likely. Moreover, Mr. Hayford's Statement in Advance of Plea, signed by him, clearly acknowledges the penalties and sentence that the Court may impose, that he had discussed sentencing procedures with his counsel and that the court may impose a sentence different from any calculations of his attorney. This failure of evidence, along with the strong presumption that Ms. Lewis' conduct fell within the range of professionally competent assistance, defeats Mr. Hayford's claim that his counsel's performance was constitutionally deficient.

Moreover, even if Ms. Lewis had advised Mr. Hayford that probation was likely, Mr. Hayford's argument still fails. That is because he has failed to establish that, but for this error, the Court would have departed from the 15 to 21 month guideline range and imposed a sentence of probation. Accordingly, Mr. Hayford has failed to satisfy either prong of the *Strickland* test.

## **CONCLUSION**

For the foregoing reasons, Mr. Hayford's § 2255 Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is DENIED.

DATED this 1st day of July, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge